**SO ORDERED.**

**SIGNED this 26 day of May, 2017.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

KEITH A. BISHOP,                              CASE NO. 17-01320-5-DMW
                                              CHAPTER 13
    DEBTOR

### ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY SUBJECT TO CONDITIONS

This matter comes on to be heard before the court upon the Motion for Relief from Automatic Stay or for Adequate Protection filed by Branch Banking and Trust Company ("BB&T").  A hearing was held on May 10, 2017.  James S. Livermon, III, appeared on behalf of BB&T, Cort Walker appeared on behalf of the Debtor and Michael B. Burnett appeared on behalf of the Chapter 13 Trustee.  After consideration of the evidence presented, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 17, 2017, and John F. Logan was appointed as the trustee to administer the case.

3. BB&T is the holder or servicer of a debt instrument ("Note"), account number xxxxxx9058-00001, executed by Debtor on or about April 11, 2006 in the original principal amount of $107,950.00. The Note is secured by a Deed of Trust executed by the Debtor that encumbers real property located at 1802 Martin Luther King, Jr. Parkway, Suite 105, Durham, North Carolina ("Collateral"). BB&T properly perfected its lien on the Collateral by recording the Deed of Trust in Book 5172, Page 929 of the Durham County Registry. The Collateral is property of the estate pursuant to 11 U.S.C. §541.

4. BB&T filed Court Claim #5 in the case showing a total balance due under the Note on the petition date of $112,707.67. At some point pre-petition, the Debtor had failed to provide BB&T with proof of insurance on the Collateral and that named BB&T as loss payee under the policy. BB&T obtained forced placed insurance coverage on the Collateral in order to protect its security interest.

5. After BB&T filed the Motion, the Debtor provided BB&T with proof of insurance in an amount to sufficiently protect BB&T's interest and that named BB&T as loss payee under the policy.

6. Because BB&T's interest is now adequately protected, BB&T's Motion should be denied upon the terms and conditions set forth below; now therefore,

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. BB&T's Motion shall be, and hereby is, denied and the automatic stay imposed by 11 U.S.C. §362 shall remain in full force and effect, provided the Debtor complies with the

following terms and conditions:

    a.    The Debtor shall maintain a hazard insurance policy covering BB&T's collateral in the minimum amount of $65,000 and that also names BB&T as the loss payee under the policy at all times during this Chapter 13 case; and

    b.    The Debtor is required to notify BB&T of any change in the insurance coverage on BB&T's collateral within thirty (30) days of the change in the insurance coverage.

2.    In the event that the Debtor fails to meet or to perform any of the terms and conditions recited herein at any time during this case, the automatic stay shall be immediately modified without further notice or hearing to allow BB&T to institute and complete a foreclosure of the Collateral, and BB&T shall be protected pursuant to 11 U.S.C. §507(b).  Upon default under the terms of this Order and termination of the automatic stay, the requirements of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure are hereby waived and shall not be applicable as to BB&T.

3.    BB&T shall be, and hereby is, allowed an additional secured claim in the amount of $681.00 to reimburse it for attorney's fees and expenses associated with this matter, with such claim to be paid through the Plan.  The Plan shall be extended at the sole discretion of the Trustee to accommodate this additional claim.

End of Document